UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINA ALVAREZ PEMBERTY, | |
| Petitioner, | Civ. No. 18-3412 (KM) |
| v. | |
| JEFFERSON B. SESSIONS III et al., | MEMORANDUM OPINION |
| Respondents. | |

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Lina Alvarez Pemberty, is an immigration detainee currently held at the Elizabeth Detention Facility, in Elizabeth, New Jersey. On March 9, 2018, acting by way of counsel, she filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241.

Ms. Pemberty's petition indicates that she was ordered removed by an immigration judge on November 17, 2005, and that the Board of Immigration Appeals dismissed her appeal on September 12, 2007, "based on asylum." (Pet., ECF No. 1, ¶ 4.) She asserts that her spouse filed a visa petition on her behalf over a year ago, but that the petition remains pending. (*Id.* ¶ 5.) Ms. Pemberty urges that she is married to a U.S. citizen, has a citizen child, and was paroled by U.S. Citizenship and Immigration Services. (*Id.* ¶¶ 5–6, 13.) Accordingly, she contends that she is eligible to adjust her status. (*Id.* ¶¶ 6, 13.) Ms. Pemberty's full description of the relief requested from the Court reads, "Stay applicant's removal order pending review by this Court and release on bond pending review." (*Id.* ¶ 15.)

The provisions of 8 U.S.C. § 1252, as modified by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and the Real ID Act, grant exclusive jurisdiction to review removal orders and related matters to the Courts of Appeal and thus

deprive District Courts, like this one, of any such review power. *See* 8 U.S.C. § 1252(a)(5), (b)(9), (g); *see also Vasquez v. Aviles*, 639 F. App'x 898, 900–01 (3d Cir. 2016); *Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401 (3d Cir. 2015). In particular, § 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

Furthermore, § 1252(g) states,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Judges in districts across the country, including this one, have found that this jurisdictional bar applies to applications to stay removal. *See Fermin v. United States*, No. 17-cv-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order *or a request for a stay of that Order* could be entertained only by the Court of Appeals"); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at * (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal.") Accordingly, it does not appear from the face of the petition that this Court possesses jurisdiction to consider Ms. Pemberty's request to review or stay her order of removal.[1] I express no view, however, as to whether she could seek or obtain such relief from the United States Court of Appeals for the Third Circuit.

Under Rule 4 of the Rules Governing § 2254 Cases (applied in this proceeding under Rule 1(b) of the Rules Governing § 2254 Cases), the Court must dismiss a habeas petition "[i]f it

---

[1] Ms. Pemberty should note that this result does not in any way preclude her from seeking such relief from the Court of Appeals for the Third Circuit.

2

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Lonchar v. Thomas*, 517 U.S. 314, 320 (1996). Generally, a federal court may consider a petition for a writ of habeas corpus if the petitioner is "in custody" and alleges that the custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Accordingly, despite the general commitment of review to the Court of Appeals, this district court has some limited jurisdiction to consider a challenge concerning the propriety, and especially the prolonged duration, of a post-removal-order immigration detention. *See Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830, 839–41 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

While it is possible that Ms. Pemberty would like to raise such a challenge to her detention, a cognizable claim of this type cannot be discerned from her petition as filed.[2] The petition does not identify any facts or legal doctrines impugning the constitutionality or legality of her custody. (*See* ECF No. 1.) While Ms. Pemberty asks to be released, it is not at all apparent on what basis she seeks that relief. (*Id.*)

There is a formal defect as well. The sole proper respondent in a habeas proceeding is the person "with the ability to produce the prisoner's body before the habeas court"—typically, the warden of the facility where the petitioner is detained. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Ms. Pemberty's complaint names the U.S. Attorney General, the secretary of the Department of Homeland Security, and the director of Immigrations and Customs Enforcement

---

[2] As Ms. Pemberty is represented by counsel, she does not receive the benefit of liberal interpretation afforded to pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017).

3

(who are not proper respondents), but does not name as a respondent the warden of the facility where she is detained (who would be a proper respondent).

Accordingly, this proceeding will be dismissed without prejudice. Ms. Pemberty may, within thirty (30) days, file a motion to amend her petition, accompanied by a proposed amended petition.

DATED: March 16, 2018

KEVIN MCNULTY
United States District Judge